[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: DEFENDANT'S MOTION FOR MODIFICATION (115) AND PLAINTIFF'S CITATION FOR CONTEMPT (114)
The parties' marriage was dissolved by decree entered May 3, 1989, at which time the court (Lavery, J.) ordered the parties' written stipulation incorporated into the judgment.
The defendant at that time was and still is a self-employed electrical contractor who reported net disposable income on his May 3, 1989 financial affidavit. On his affidavit filed in support of the present motion, he lists $311.64 net. His liabilities have increased from $6,10.00 [$610.00 or $6,100.00] to $43,000.00. CT Page 9953
The defendant has no employees at present, and far less work. than he had in 1989. He is delinquent and is remitting $300.00 monthly in payroll taxes to the I.R.S. The defendant is remarried, but his present wife's earnings do not significantly reduce their living expenses.
The court is satisfied that the defendant's income has been substantially reduced by the area's business conditions and that the lesser income is not self-inflicted.
The defendant's net disposable income is found to be $500.00 weekly as of the date the court reserved decision on September 21, 1993. The court notes that defendant's business is now incorporated. In any event, the evidence leads the court to infer that his business has picked up since last January.
The defendant's motion is granted. The alimony order is reduced to $250.00 weekly.
As to the plaintiff's motion for contempt, the court has not received sufficient evidence concerning the cost of the medical insurance or the cost of the life insurance policy, both as ordered by the judgment, in order to determine whether the defendant has been in wilful disobedience of the orders. Since he has been found financially unable to meet the alimony order, the court infers that he is also unable to meet these other orders.
The plaintiff's motion is denied.
/s/ Harrigan, J. HARRIGAN